IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

CRAIG MCCARTER,     *
*individually, and as the surviving*
*father of the deceased Paul McCarter*
696 Gorfield Street
Alcoa, Tennessee 37701

                               *

And

MARY ELLIS
*individually, and as the surviving*     *
*mother of the deceased Paul McCarter*
3801 Benji Lane
Corryton, Tennessee 37721

                               *

And

ESTATE OF PAUL MCCARTER
*an estate, represented by and through the*
*personal representative Mary Ellis*
696 Gorfield Street
Alcoa, Tennessee 37701

                               *

And     *

*To the use of* ▮▮▮▮▮▮▮▮▮▮▮,
*individually, a minor, and as the surviving*
*alleged child of the deceased*
*Paul McCarter, and represented*
*by and through her mother and next friend*
*Dawn Stutler*     *
696 Gorfield Street
Alcoa, Tennessee 37701

        *Plaintiffs*,     *

Vs.     *     Case No.: __C-24-CV-24-002285__

TWO FARMS, INC.
3611 Roland Avenue
Baltimore, Maryland 21211     *

        Serve on: TRAC- The Registered
        Agent

      401 E. Pratt Street, Suite 2424
      Baltimore, Maryland 21202

And                                                           *

CLOVERLAND MANAGEMENT
CORPORATION
3611 Roland Avenue
Baltimore, Maryland 21211
                                                              *

      Serve on: Alan Abramowitz
      201 N. Charles Street, Suite 2400
      Baltimore, Maryland 21201

And

CLOVERLAND DAIRY                             *
LIMITED PARTNERSHIP
3611 Roland Avenue
Baltimore, Maryland 21211

      Serve on: TRAC- The Registered
      Agent
      401 E. Pratt Street, Suite 2424       *
      Baltimore, Maryland 21202

And

CLOVERLAND REAL ESTATE
IV LLC
3611 Roland Avenue
Baltimore, Maryland 21211                              *

      Serve on: TRAC- The Registered
      Agent
      401 E. Pratt Street, Suite 2424       *
      Baltimore, Maryland 21202

      *Defendants*.                *
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **COMPLAINT AND JURY DEMAND**

      Plaintiffs Craig McCarter, Mary Ellis, and Estate of Paul McCarter, by and through their

attorneys, John J. Leppler, Esq. and Law Office of John J. Leppler, LLC, and Plaintiff to the use

▬▬▬▬▬▬▬▬, as a pro se litigant, hereby sues the Defendant Two Farms, Inc., the Defendant Cloverland Management Corporation, the Defendant Cloverland Dairy Limited Partnership, and the Defendant Cloverland Real Estate IV LLC, and in support thereof states:

## PARTIES

1. Plaintiff Craig McCarter ("Plaintiff #1"), is and was, at all times pertinent to this lawsuit, a resident of the State of Tennessee and is the surviving father of the deceased Paul McCarter. Plaintiff #1 brings a negligence claim and wrongful death claim against all defendants pursuant to the Maryland rules and Maryland law, including Maryland Courts and Judicial Proceedings Section 3-904.

2. Plaintiff Mary Ellis ("Plaintiff #2"), is and was, at all times pertinent to this lawsuit, a resident of the State of Tennessee and is the surviving mother of the deceased Paul McCarter. Plaintiff #2 brings a negligence claim and wrongful death claim against all defendants pursuant to the Maryland rules and Maryland law, including Maryland Courts and Judicial Proceedings Section 3-904.

3. Plaintiff Estate of Paul McCarter ("Plaintiff #3"), is and was, at all times pertinent to this lawsuit, is an estate established in the State of Tennessee for the deceased Paul McCarter, and Plaintiff #2 is the personal representative for Plaintiff #3. Plaintiff #3 brings a negligent claim and survival claim against all defendants pursuant to the Maryland rules and Maryland law, including Maryland Code of Estates and Trusts Section 7-401.

4. Plaintiff to the use of ▬▬▬▬▬▬▬▬ ("Plaintiff #4"), is and was, at all times pertinent to this lawsuit, a resident of the State of Tennessee and is the alleged surviving son of the deceased Paul McCarter. Plaintiff #4 brings a negligence claim and wrongful death claim against all defendants pursuant to the Maryland rules and Maryland law, including Maryland

Courts and Judicial Proceedings Section 3-904. It is unknown whether Plaintiff #4 is the surviving child of the deceased Paul McCarter, because a paternity test has been previously administered to determine whether Plaintiff #4 is the surviving child of the deceased Paul McCarter and the paternity test provided a negative result.

Additionally, Plaintiff #1, Plaintiff #2, Plaintiff #3 and Plaintiff #4 will be collectively referred to hereinafter as the "Plaintiffs".

5. Defendant Two Farms, Inc. ("Defendant #1") is and was, at all times pertinent to this lawsuit, a business entity with its principal place of business located in Baltimore City, Maryland, Defendant #1's headquarters is located in Baltimore City, Maryland, and/or Defendant #1 is a business entity that is incorporated in the State of Maryland. Defendant #1 is business entity that substantially and habitually engages in the business and vocation of providing convenience store services, food services, beverage services, cigarette services, ATM machine services, and/or gas services to Defendant #1's patrons and the public throughout the State of Maryland including in Baltimore City, Maryland and throughout the State of Delaware.

From at least 2019 to up to and through the present, Defendant #1 owns, supervises, manages and/or operates the premises the Royal Farms store, 20579 DuPont Boulevard, Georgetown, Delaware 19947. (**NOTE**: The premises Royal Farms store, 20579 DuPont Boulevard, Georgetown, Delaware 19947, will be referred to hereinafter as "ROYAL FARMS"). ROYAL FARMS is a premises that provides convenience store services, beverage services, food services, cigarette services, ATM machine services, and/or gas services to Defendant #1's patrons and the public. At all times pertinent to this lawsuit, ROYAL FARMS is open and operating 24 hours per day and 7 days per week.

At all times pertinent to this lawsuit, Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants and/or employees of Defendant #1 were acting within the scope of their agency and/or employment with Defendant #1.

6. Defendant Cloverland Management Corporation ("Defendant #2") is and was, at all times pertinent to this lawsuit, a business entity with its principal place of business located in Baltimore City, Maryland, Defendant #2's headquarters is located in Baltimore City, Maryland and/or Defendant #2 is a business entity that is incorporated in the State of Maryland. Defendant #2 is business entity that substantially and habitually engages in the business and vocation of providing convenience store services, food services, beverage services, cigarette services, ATM machine services, and/or gas services to Defendant #2's patrons and the public throughout the State of Maryland including in Baltimore City, Maryland and throughout the State of Delaware.

From at least 2019 to up to and through the present, Defendant #2 owns, supervises, manages and/or operates the premises ROYAL FARMS.

At all times pertinent to this lawsuit, Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants and/or employees of Defendant #2 were acting within the scope of their agency and/or employment with Defendant #2.

7. Defendant Cloverland Dairy Limited Partnership ("Defendant #3") is and was, at all times pertinent to this lawsuit, a business entity with its principal place of business located in Baltimore City, Maryland, Defendant #3's headquarters is located in Baltimore City, Maryland, and/or Defendant #3 is a business entity that is incorporated in the State of Maryland. Defendant #3 is business entity that substantially and habitually engages in the business and vocation of providing convenience store services, food services, beverage services, cigarette services, ATM

machine services, and/or gas services to Defendant #3's patrons and the public throughout the State of Maryland including in Baltimore City, Maryland and throughout the State of Delaware.

From at least 2019 to up to and through the present, Defendant #3 owns, supervises, manages and/or operates the premises ROYAL FARMS.

At all times pertinent to this lawsuit, Defendant #3 was acting by and through its agents, servants, and/or employees, and these agents, servants and/or employees of Defendant #3 were acting within the scope of their agency and/or employment with Defendant #3.

8.      Defendant Cloverland Real Estate IV LLC ("Defendant #4") is and was, at all times pertinent to this lawsuit, a business entity with its principal place of business located in Baltimore City, Maryland, Defendant #4's headquarters is located in Baltimore City, Maryland, and/or Defendant #4 is a business entity that is incorporated in the State of Maryland. Defendant #4 is business entity that substantially and habitually engages in the business and vocation of providing convenience store services, food services, beverage services, cigarette services, ATM machine services, and/or gas services to Defendant #4's patrons and the public throughout the State of Maryland including in Baltimore City, Maryland and throughout the State of Delaware.

From at least 2019 to up to and through the present, Defendant #4 owns, supervises, manages and/or operates the premises ROYAL FARMS.

At all times pertinent to this lawsuit, Defendant #4 was acting by and through its agents, servants, and/or employees, and these agents, servants and/or employees of Defendant #4 were acting within the scope of their agency and/or employment with Defendant #4.

Additionally, Defendant #1, Defendant #2, Defendant #3 and Defendant #4 will be collectively referred to hereinafter as the "Defendants".

9. From at least 2019 to up to and through the present, the Defendants' security-related policies, procedures and/or protocols for the Defendants' stores including ROYAL FARMS are all administered and implemented from the Defendants' headquarters, which is in Baltimore City, Maryland.

From at least 2019 to up to and through the present, the Defendants' training for the Defendants' employees and/or Defendants' agents who work at the Defendants' stores including ROYAL FARMS is administered and implemented from the Defendants' headquarters, which is in Baltimore City, Maryland.

From at least 2019 to up to and through the present, the Defendants' decisions regarding whether to hire, retain and/or pay for security personnel at the Defendants' stores including ROYAL FARMS are made by persons who work at the Defendants' headquarters, which is in Baltimore City, Maryland.

From at least 2019 to up to and through the present, the Defendants' assistant director David Winterling, who is also Defendants' Loss Prevention & Risk Management director, is the sole person who makes the decision(s) regarding whether to hire security personnel and/or implement security-related policies, procedures and/or protocols at the Defendants' stores including ROYAL FARMS (NOTE: David Winterling testified to this information about himself at a deposition in the civil negligence case <u>Richard Glendenning, et al. v. Two Farms. Inc., Case No.: C-03-CV-21-003264</u>). David Winterling is a resident of the State of Maryland. David Winterling works at the Defendants' headquarters, which is in Baltimore City, Maryland.

From at least 2019 to up to and through the present, the Defendants' Vice President of Operations Jeff Mengel is the Defendants' primary person who implements operations policies, procedures and/or protocols for the Defendants' agents and/or Defendants' employees who work

at Defendants' stores including ROYAL FARMS. Jeff Mengel is a resident of the State of Maryland. Jeff Mengel works at the Defendants' headquarters, which is in Baltimore City, Maryland.

From at least 2019 to up to and through the present, the Defendants' management personnel David Winterling and/or John Mengel require the Defendants' employees and/or Defendants' agents who work at ROYAL FARMS to write incident reports when crimes are reported at ROYAL FARMS.

For reference, screenshots of August 22, 2024 uploaded LinkedIn profiles for David Winterling and Jeff Mengel are below:





From at least 2019 to up to and through the present, the Defendants' Chief Financial Officer Joshua Wolf and Defendants' Chief Executive Officer John Kemp work out of the Defendants' headquarters, which is in Baltimore City, Maryland. Joshua Wolf and John Kemp are involved in the decisions regarding the implementation of security-related policies and

procedures and/or financing for the retention of security personnel at the Defendants' stores including ROYAL FARMS.

As of July 2023, the Defendants' annual revenue is $974 million.

## JURISDICTION AND VENUE

10. Plaintiffs fully incorporate by reference the paragraphs stated above and as if fully set forth below.

11. This Court has subject matter jurisdiction and personal jurisdiction over the Defendants because the Defendants' principal places of business are located in Baltimore City, Maryland, the Defendants' headquarters are located in Baltimore City, Maryland, the Defendants are business entities that substantially and habitually engage in the business and vocation of providing convenience store services, food services, beverage services, cigarette services, ATM machine services, and/or gas services to the Defendants' patrons and the public throughout the State of Maryland, the Plaintiffs' claims against the Defendants are under Maryland state law only or are under Delaware state law only, and Plaintiffs' claims against the Defendants are for an amount in excess of Seventy-Five Thousand Dollars ($75,000). Additionally, venue is proper in the Circuit Court for Baltimore City, Maryland, because the Defendants' principal places of business are in Baltimore City, Maryland, and for the other reasons stated in this paragraph and for the other reasons stated herein.

## FACTS COMMON TO ALL COUNTS

12. Plaintiffs fully incorporate by reference the paragraphs stated above and as if fully set forth below.

13. At the time of the September 7, 2022 incident (the fatal beating and assault of Paul McCarter by Kevin Shorter at ROYAL FARMS), the Defendants' policies, procedures,

and/or protocols in place for Defendants' agents and/or Defendants' employees at ROYAL FARMS includes but are not limited to the following, among potentially others: (1) to have adequate security-related policies and procedures in place; (2) to have adequate security-related policies and procedures related to de-escalating situations that may lead to injury of persons; (3) to have adequate security personnel; (4) to have adequate security-related training for the Defendants' employees and/or Defendants' agents; and (5) to have adequate video surveillance. Defendants' policies, procedures and/or protocols are incidental to Defendants' agents' and/or Defendants' employees' job duties while working at ROYAL FARMS, are performed in furtherance of the Defendants' business objectives at ROYAL FARMS, are designed for the protection of the Defendants' patrons, the public, and Defendants' agents and/or Defendants' employees at ROYAL FARMS, and are required to be complied with.

Defendants have actual knowledge and notice of crimes that occurred at ROYAL FARMS prior to September 7, 2022, which include but are not limited to assaults, batteries, robberies and/or deadly weapon-related crimes.

14. On or about September 7, 2022 at approximately 9:30 PM EST, the deceased Paul McCarter was a lawful patron and invitee inside ROYAL FARMS. For unknown reasons, the third-party Kevin Shorter came into ROYAL FARMS and fatally assaulted, battered and beat Paul McCarter with a baseball bat. Kevin Shorter struck Paul McCarter multiple times with a baseball bat, and before and after each time Kevin Shorter struck Paul McCarter with a baseball bat, Kevin Shorter would leave the inside of the store at ROYAL FARMS and then re-enter the inside of the store at ROYAL FARMS. All of Kevin Shorter's strikes of Paul McCarter with the baseball bat occurred inside the store at ROYAL FARMS. As a direct and proximate result of the September 7, 2022 incident, Paul McCarter suffered severe injuries, endured a lengthy hospital

stay for in-patient medical treatment from September 7, 2022 to up to and through September 13, 2022, incurred past medical expenses, incurred funeral expenses, and suffered a September 13, 2022 premature and untimely death. Paul McCarter was 38-years-old at the time of his September 13, 2022 premature and untimely death.

Paul McCarter did not know who Kevin Shorter was before September 7, 2022 the incident, and Kevin Shorter did not know who Paul McCarter was before the September 7, 2022 incident. The September 7, 2022 incident involving the fatal assault, battery and beating of Paul McCarter at ROYAL FARMS was not a targeted incident, and Paul McCarter did not instigate or escalate his encounter with Kevin Shorter. Paul McCarter was not negligent and did not assume the risk.

The entire September 7, 2022 incident involving Paul McCarter and Kevin Shorter at ROYAL FARMS was captured on the Defendants' video surveillance at ROYAL FARMS. The Defendants can obtain access to the Defendants' video surveillance at ROYAL FARMS from the Defendants' headquarters, which is in Baltimore City, Maryland.

At all times related to the September 7, 2022 incident, there were no security personnel at ROYAL FARMS, and the Defendants' agents and/or employees who work at ROYAL FARMS were not adequately trained to de-escalate the incident and/or prevent the incident from happening.

15. At the time of the September 7, 2022 incident (the fatal beating and assault of Paul McCarter by Kevin Shorter at ROYAL FARMS), the Defendants' policies, procedures, and/or protocols in place for Defendants' agents and/or Defendants' employees at ROYAL FARMS includes but are not limited to the following, among potentially others: (1) to have adequate security-related policies and procedures in place; (2) to have adequate security-related

policies and procedures related to de-escalating situations that may lead to injury of persons; (3) to have adequate security personnel; (4) to have adequate security-related training for the Defendants' employees and/or Defendants' agents; and (5) to have adequate video surveillance. Defendants' policies, procedures and/or protocols are incidental to Defendants' agents' and/or Defendants' employees' job duties while working at ROYAL FARMS, are performed in furtherance of the Defendants' business objectives at ROYAL FARMS, are designed for the protection of the Defendants' patrons, the public, and Defendants' agents and/or Defendants' employees at ROYAL FARMS, and are required to be complied with.

Defendants have actual knowledge and notice of crimes that occurred at ROYAL FARMS prior to September 7, 2022, which include but are not limited to assaults, batteries, robberies and/or deadly weapon-related crimes.

<u>Defendants were negligent and failed to comply with one or of all of the Defendants' policies, procedures and/or protocols, and the Defendants' negligence directly and proximately caused the reasonably foreseeable incident – the September 7, 2022 fatal assault and beating of Paul McCarter by the third-party Kevin Shorter at ROYAL FARMS. Had the Defendants complied with the standard of care and complied with Defendants' own policies, procedures and/or protocols and had the Defendants not been negligent, the September 7, 2022 fatal assault and beating of Paul McCarter by Kevin Shorter at ROYAL FARMS would not have occurred and/or would have been easily prevented</u>.

16. As a direct, proximate, and foreseeable result of the September 7, 2022 fatal assault and beating of Paul McCarter by Kevin Shorter at ROYAL FARMS which was caused by and resulted from the Defendants' negligence, the deceased Paul McCarter suffered the severe injuries damages, and losses stated herein, and the Plaintiffs suffered severe injuries, including

loss of companionship, incurred funeral expenses and burial expenses, and suffered all other damages allowable under Maryland law.

17. Plaintiffs' suffered injuries, damages and losses stated herein, including the decedent Paul McCarter's September 13, 2022 premature and untimely death, was caused solely by the Defendants' negligence and Defendants' failure to provide adequate security at ROYAL FARMS, with no negligence on the part of the Plaintiffs and the decedent Paul McCarter contributing thereto.

**COUNT ONE – WRONGFUL DEATH / NEGLIGENCE**
**(Plaintiff #1, Plaintiff #2 and Plaintiff #4 against all Defendants)**

18. Plaintiffs fully incorporate by reference the paragraphs stated above and as if fully set forth below.

19. As a direct, proximate, and foreseeable result of the September 7, 2022 fatal assault and beating of Paul McCarter by Kevin Shorter at ROYAL FARMS, which was caused by the Defendants' negligence, the deceased Paul McCarter suffered a September 13, 2022 premature and untimely death, incurred medical expenses for Paul McCarter's medical treatment from September 7, 2022 – September 13, 2022, incurred funeral and burial expenses, and suffered severe physical and mental pain and suffering. Plaintiff #1, Plaintiff #2 and Plaintiff # are claiming all damages allowable under Maryland.

20. Plaintiffs' suffered injuries, damages and losses stated herein, including the decedent Paul McCarter's September 13, 2022 premature and untimely death, was caused solely by the Defendants' negligence and failure to provide adequate security at ROYAL FARMS, with no negligence on the part of the Plaintiffs and the decedent Paul McCarter contributing thereto.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory

damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

### COUNT TWO – SURVIVAL CLAIM / NEGLIGENCE
**(Plaintiff #3 against All Defendants)**

21. Plaintiffs fully incorporate by reference the paragraphs stated above and as if fully set forth below.

22. As a direct, proximate, and foreseeable result of September 7, 2022 fatal assault and beating of Paul McCarter by Kevin Shorter at ROYAL FARMS which was caused by the Defendants' negligence, the deceased Paul McCarter suffered a September 13, 2022 premature and untimely death, incurred medical expenses for Paul McCarter's medical treatment from September 7, 2022 – September 13, 2022, and suffered severe physical and mental pain and suffering, including pre-impact fright. Plaintiff #3 has suffered and claims all damages allowable under Maryland law.

23. Plaintiffs' suffered injuries, damages and losses stated herein, including the decedent Paul McCarter's September 13, 2022 premature and untimely death, was caused solely by the Defendants' negligence and failure to provide adequate security at ROYAL FARMS, with no negligence on the part of the Plaintiffs and the decedent Paul McCarter contributing thereto.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiffs*

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a jury trial on all counts and claims against the Defendants stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF# 1506160189